VIRGINIA S. SANDS, as Administratrix, etc., of JAMES G. SANDS, Deceased, Respondent, *v.* HENRY C. MINER, Appellant.

*Partnership agreement — providing that a surviving partner may take the property "as the same may appear from the books of the said business."*

In an action brought by the administratrix of a deceased partner for an accounting, it appeared that the partnership agreement provided for an equal division of the assets at the termination of the partnership, except that if either party died the other party might immediately fix the value of the interest of his copartner, "according as the same may appear from the books of the said business, and upon the payment of such sum in cash" might acquire that interest. It was further provided that the good will of the business or lease of the premises was not to be considered of any value whatever, although they were to be transferred when the interest of either partner was paid for by the other. The partnership was terminated by the death of the plaintiff's intestate, and the defendant, the surviving partner, continued the business upon his own account, refusing to give to the plaintiff for the interest of her intestate more than a certain amount which he himself had fixed as the value of that interest.

*Held,* that if the defendant had elected to wind up the business he would only have been obliged to account for the actual value of the property, but that, as he had chosen to continue the business, he was bound by the provision of the contract, that he was to fix the value of the interest of the deceased partner "according as the same may appear from the books of the said business," and that consequently he was properly charged with the book value of the interest of his deceased partner, and not simply with the actual value.

APPEAL by the defendant, Henry C. Miner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of April, 1896, upon the report of a referee.

*Benjamin Steinhardt,* for the appellant.

*Frank Barker,* for the respondent.

O'BRIEN, J.:

The action was brought for an accounting on the dissolution of a copartnership formed between the defendant and one James G. Sands by an agreement in writing, by which the defendant contributed cash equal in amount to the value of the business known as "Church's Dispensary," which included the lease of the premises in the Bowery, and the stock and fixtures therein contained, contributed by Sands. The contract in one of its clauses provided: "It is further agreed that, at the termination of the said copartnership, the said property and the accumulations thereof shall be divided equally between the parties hereto, except, however, that should either party desire to terminate this agreement before the time herein fixed, or if either of the parties hereto shall die, or violate the terms hereof, the other party shall be at liberty to immediately fix the value of the interest of such party according as the same may appear from the books of the said business, and upon payment of such sum in cash to acquire such interest. It being distinctly understood that in determining said amount the good will of said business or lease of said premises shall not be considered of any value whatever, although the same shall be transferred when such interest is paid for."

The partnership was terminated by the death of Sands, and the defendant thereafter continued the business on his individual account.

But two rulings of the referee are contested : *First,* as to whether he correctly determined that Sands was entitled to receive for the fixtures their book value; and, *second,* whether he was correct in allowing the face value of certain book accounts. That the disposition made by the referee was right, we think a brief reference to the terms of the contract and the conduct and attitude of the parties will show.

As shown by the pleadings and the referee's report, the plaintiff sought to have the defendant account as a surviving partner who had continued the business in violation of the trust cast upon him to liquidate and wind it up. The defendant took the position that, under the terms of the contract he had a right to and did fix the value of Sands' interest at a sum which the plaintiff had refused to accept. The referee adopted the view that the defendant was entitled to take the business under a valuation made pursuant to the clause of the contract, and that the issues to be tried were as to the correctness, according to the books, of the defendant's valuations; and it is upon exceptions filed to the account presented by the defendant that the questions on this appeal arise.

Upon the death of Sands the defendant had the right to elect either to wind up the business, in which case he would only be obliged to account for the actual value of the property, and to pay over to the administratrix the one-half portion thereof, or to do what he claims to have done, and what the referee held with him he had a right to do, namely, to take the business and place a value upon it in accordance with the terms of the partnership contract. When he so elected he took a running business, and, in fixing the price which he should pay for Sands' interest, he was authorized to omit the value of the lease or good will which he thus acquired without paying anything therefor. But, as an offset to that, the express provision of the contract was that he was to fix the value of the interest of his deceased partner " according as the same may appear from the books of the said business." There is no claim that there was any fraud or imposition upon the defendant so far as concerns the books as kept, but they were admittedly a correct statement of the business. What the defendant complains of is that the valuations were too high, and that the furniture and the bills collectible were not worth the amount appearing upon the books. Under his election, however, the defendant was not at liberty to acquire the interest of Sands in the business upon payment of the actual value fixed by himself upon the property which he took over, excluding therefrom the value of the lease and good will. The referee was correct, therefore, in holding that, in the absence of fraud or imposition of any kind, the defendant, on taking over the business, was obliged, according to his contract, to pay, not the

actual value, but the book value for the interest of his deceased partner.

We think, therefore, that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., WILLIAMS, INGRAHAM and PARKER, JJ., concurred.

Judgment affirmed, with costs.